IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. SPEICHER | : CIVIL ACTION-LAW |
| and | : |
| PATRICIA C. GILES | : |
| and | : NO.: |
| JEREMY G. SPEICHER | : |
| and | : |
| COURTNEY SPEICHER | : |
|       Plaintiffs | : JURY TRIAL DEMANDED |
|   v. | : |
| | : |
| ROCKET MORTGAGE, LLC, | : |
|       Defendant | : |

## **PLAINTIFFS' COMPLAINT**

1. Plaintiff, John J. Speicher, is an adult individual, and is a resident and citizen of the Commonwealth of Pennsylvania, with his principal residency being 616 Rosemont Court, Wyomissing, Berks County, Pennsylvania 19610.

2. Plaintiff, Patricia C. Giles, is the wife of John J. Speicher, and is an adult individual who is also a resident and citizen of the Commonwealth of Pennsylvania, with her principal residency being 616 Rosemont Court, Wyomissing, Pennsylvania, 19610.

3. Plaintiff, Jeremy G. Speicher, is an adult individual, and is a resident and citizen of the State of North Carolina, with his principal place of residency being 1111 Vision Path, Concord, North Carolina 28027.

4. Plaintiff, Courtney Speicher, is the wife of Jeremy G. Speicher, and is an adult individual, and is a resident and citizen of the State of North Carolina, with her principal place of residency being 1111 Vision Path, Concord, North Carolina 28027.

5. Defendant, Rocket Mortgage, LLC, is a limited liability corporation with its principal place of business at 1050 Woodward Avenue, Detroit, Michigan 48226.

6. Jurisdiction exists in this United States District Court in that all parties are citizens of diverse states pursuant to 28 U.S.C. Section 1332 and claims in this case exceed $75,000.00 in value.

7. Venue is proper as Plaintiffs, John J. Speicher and Patricia C. Giles, reside in the Eastern District of Pennsylvania, and Defendant does business within the Eastern District of Pennsylvania, as well.

8. Plaintiffs, John J. Speicher and Patricia C. Giles and Plaintiffs, Jeremy G. Speicher and Courtney Speicher, are the owners of a property known as 1111 Vision Path, Concord, North Carolina, with John J. Speicher and Patricia C. Giles, his wife, owning a one-half (1/2) share as tenants by the entireties, and Plaintiffs, Jeremy G. Speicher and Courtney Speicher, owning the remaining one-half (1/2) share, also as tenants by the entireties.

9. The property at 1111 Vision Path, Concord, North Carolina, is a residence with a house being occupied by Plaintiffs, Jeremy G. Speicher and Courtney Speicher, and a cottage which is used as a part-time residence by Plaintiffs, John J. Speicher and Patricia C. Giles.

10. The premises was constructed in 2017 – 2018 through a construction loan entered into between New Dominion Bank and John J. Speicher and Patricia C. Giles, his wife, which converted to an adjustable thirty (30) year mortgage in the amount of Six Hundred Thousand Dollars ($600,000.00), with an initial interest rate of 3.75%. The rate is scheduled to increase to 5.75% in February of 2023.

9651684.1

11. In early 2022, Plaintiffs, John J. Speicher and Jeremy G. Speicher, contacted Defendant with the intention of refinancing the mortgage to obtain a fixed rate mortgage for a thirty (30) year term.

12. Initially, Plaintiffs sought a mortgage with a principal amount of Five Hundred Seventy Thousand Dollars ($570,000.00).

13. At the suggestion of Defendant's representatives, Plaintiffs increased the requested mortgage amount to Six Hundred Forty-Seven Thousand Two Hundred Dollars ($647,200.00).

14. As the mortgage application process proceeded, Plaintiffs locked in a fixed rate of 3.99%, for a thirty (30) year loan, with the principal amount of the loan being Six Hundred Forty-Seven Thousand Two Hundred Dollars ($647,200.00).

15. Plaintiffs supplied Defendant will all relevant financial information on a timely basis in order to have a new mortgage with John J. Speicher and Jeremy G. Speicher being the mortgagors.

16. Plaintiff, John J. Speicher, has been a civil litigation attorney in Reading, Pennsylvania, for the past forty-five (45) years, and had been a shareholder with the law firm of Leisawitz Heller Abramowitch Phillips, P.C., from February 1, 2001 through December 31, 2021.

17. As of January 1, 2022, Leisawitz Heller Abramowitch Phillips, P.C. merged into the law firm of Barley Snyder, LLP, and Plaintiff, John J. Speicher, became an employee of Barley Snyder, LLP, at that time.

18. Notwithstanding the merger between Leisawitz Heller Abramowitch Phillips, P.C. and Barley Snyder, LLP, Plaintiff, John J. Speicher, continues to receive income from Leisawitz Heller Abramowitch Phillips, P.C., for cases that existed prior to the January 1, 2022, merger and

9651684.1

receives additional income from Leisawitz Heller Abramowitch Phillips, P.C. as a former shareholder of that firm.

19. Plaintiff, John J. Speicher, provided income information requested by Defendant in the mortgage application process and fully explained the fact that Leisawitz Heller Abramowitch Phillips, P.C. had merged with Barley Snyder, LLP, as of January 1, 2022.

20. On March 23, 2022, Plaintiffs received the federally mandated disclosure forms setting forth the financial terms of the mortgage. A copy of the disclosure form sent to Plaintiff, Patricia C. Giles, is attached hereto, made a part hereof and marked Exhibit "A". The forms sent to Plaintiffs, John J. Speicher and Jeremy G. Speicher are identical, but were sent online and are now unavailable to Plaintiffs as Defendant has locked Plaintiffs out of all information that had been in their online "Rocket file".

21. Plaintiffs signed the disclosure forms agreeing to the terms set forth in Exhibit "A".

22. Plaintiffs then waited through the first few weeks of April to hear back from Defendant regarding a closing date.

23. In early April of 2022, Sam Ward, Defendant's agent administering the application, ceased all contact with Plaintiffs for approximately two (2) weeks.

24. For more than (2) weeks, Plaintiffs heard nothing from Defendant to indicate that Defendant was planning to terminate Plaintiffs' application.

25. During this period of time, Defendant did not seek any additional information from Plaintiffs and did not indicate that Defendant had any issues with Plaintiffs' application. In fact, by that time, Plaintiffs had locked into a rate of 3.99% and assumed settlement would be completed in the near future.

26. On or about April 15, 2022, Plaintiff, Jeremy G. Speicher, had a telephone conversation with Sam Ward, where Mr. Ward indicated that the 3.99% mortgage rate was being terminated due to lack of activity on the file for a three (3) week period of time.

27. During the call, Plaintiff, Jeremy G. Speicher, indicated that any inactivity during the preceding three (3) weeks were the result of Defendant's inactivity in setting up a settlement date and that Plaintiffs were not aware of any additional information that Defendant had requested from them. In fact, Plaintiff, Jeremy G. Speicher, advised Mr. Ward that the disclosure form indicated that the parties were ready to have settlement on the mortgage application.

28. During that call, Mr. Ward also raised Defendant's purported concerns/confusion that Plaintiff, John J. Speicher, "worked for two (2) law firms during 2022" and that this was causing a concern for the underwriters.

29. Plaintiff, Jeremy G. Speicher, indicated to Mr. Ward that Mr. Ward might want to speak to Plaintiff, John J. Speicher, directly, but tried to explain to Mr. Ward as best he could that Plaintiff, John J. Speicher's law firm had merged with Barley Snyder, LLP, as of January 1, 2022, and that his father was not working for two (2) different law firms.

30. Ultimately the call was concluded with Mr. Ward agreeing to extend the mortgage rate commitment (for 3.99%) until May 2, 2022.

31. Despite Mr. Ward's claimed inability to comprehend the affects of the merger between Leisawitz Heller Abramowitch Phillips, P.C. and Barley Snyder, LLP, Mr. Ward never reached out to speak to Plaintiff, John J. Speicher, about these concerns and, particularly, that he was "working for two different law firms during the 2022 calendar year".

32. Unbeknownst to Plaintiffs, and despite Mr. Ward's assurances that the mortgage commitment was extended until May 2, 2022, Defendant had already decided to terminate

Plaintiffs' mortgage application and set April 19, 2022, as the termination date to cancel Plaintiffs' entire application.

33. On April 19, 2022, having no idea of Defendant's intention to terminate their mortgage application, Plaintiff, John J. Speicher, sent Sam Ward an email trying to again clarify for Mr. Ward the concerns dealing with Plaintiff, John J. Speicher's, employment, and again explaining that Leisawitz Heller Abramowitch Phillips, P.C. had merged into Barley Snyder, LLP, as of January 1, 2022. A copy of the April 19, 2022, email is attached hereto, made a part hereof and marked as Exhibit "B".

34. Sam Ward replied to Plaintiff, John J. Speicher, via email on April 19, 2022, thanking him for sending the clarification. A copy of the response email from Mr. Ward is attached hereto, made a part hereof and marked as Exhibit "C".

35. In the email from Mr. Ward to Plaintiff, John J. Speicher, Mr. Ward never mentioned that Defendant had already decided to terminate Plaintiffs' application and that April 19, 2022, was the termination date for Plaintiffs' mortgage application.

36. On April 20, 2022, without any further explanation, Defendant forwarded to Plaintiffs an email terminating the application. A copy of the April 20, 2022, email is attached hereto, made a part hereof and marked as Exhibit "D".

37. Additionally, Defendant locked Plaintiffs out of their online "Rocket file" thereby preventing Plaintiffs from accessing any and all documents in the file including any "fine print" dealing with legal rights and remedies Plaintiffs may have against Rocket.

38. Defendants did not, at any point prior to locking Plaintiffs out of their online "Rocket file", provide Plaintiffs with an opportunity to lower the loan amount or to provide any additional capital up front.

39. After receiving Exhibit "D", Plaintiff, Jeremy G. Speicher, spoke to Sam Ward who offered to restart the mortgage application process but advised Plaintiff that the interest rate would now be 5.5%.

40. Subsequently, agents of Defendant have reached out to Plaintiffs apologizing for Defendant's actions in handling their mortgage application and indicating that it was wrong and inappropriate; but also indicating that "there was nothing that could be done" to reverse the termination and to continue on with a 3.99% mortgage.

41. At all times relevant to this matter, Plaintiffs, to the best of their ability, fulfilled all requirements of Defendant in the application process in a timely manner.

42. At no time did Defendant notify Plaintiffs that Plaintiffs' actions were endangering the mortgage process or that the application would be denied. In fact, during the process, agents of Defendant asked Plaintiff, Jeremy G. Speicher, if he wanted to have extra cash paid through the mortgage due to the appraisal of the property being $1.2 million, which was higher than Defendant anticipated.

43. Plaintiffs aver that Defendant's actions in denying the mortgage was a contrivance due to the increase in mortgage rates going from 3.99% to 5.5% for a thirty (30) year mortgage within less than a two (2) month period of time.

44. Even though the mortgage which is presently outstanding on the property has John J. Speicher and Patricia C. Giles, as mortgagors, Jeremy G. Speicher and Courtney Speicher have been paying the mortgage on a monthly basis.

45. Subsequently, Plaintiffs had legal counsel write to Defendant's legal counsel requesting any and all documentation that Defendant contends may impact jurisdiction, venue or

7

9651684.1

other legal rights of Plaintiffs that Defendant may have attempted to restrict, but never received any response from Defendant or its legal counsel.

46. Specifically, on or about July 1, 2022, counsel for Plaintiffs wrote to Defendant, via its registered agent. In that correspondence, counsel requested any "terms and conditions or terms of use" which Defendant believed governed the relationship between the parties. The July 1, 2022 letter is attached hereto, incorporated herein, and marked as Exhibit "E".

47. Defendant has not, as of the date of this Complaint, responded to Plaintiffs' inquires.

## COUNT I

### PLAINTIFFS V. ROCKET MORTGAGE, LLC

### BREACH OF CONTRACT

48. Plaintiffs incorporate paragraphs one through forty-seven of their Complaint as if the same were set forth fully at length herein.

49. Plaintiffs, John J. Speicher and Jeremy G. Speicher, entered into the contract with Defendant and paid administrative fees to Defendant to have a fair mortgage application completed. The terms of the contract are set forth in Exhibit "A".

50. Defendant breached its agreement by refusing to complete settlement on the mortgage terms set forth in Exhibit "A" and by terminating the mortgage application of John J. Speicher and Jeremy G. Speicher without any good faith basis as Plaintiffs were qualified and, in fact, over-qualified for the mortgage in every category utilized by Defendant in evaluating the mortgage application.

51. Defendant has repeatedly admitted to Plaintiffs, John J. Speicher and Jeremy G. Speicher, that Defendant's denial/termination of the mortgage was wrong and not based on appropriate economic evaluations dealing with the qualifications of Plaintiffs for the mortgage.

52. Plaintiffs are entitled to have damages based on the difference of the interest rate of 3.99% for a 30-year fixed mortgage versus the 5.5% interest rate offered to Plaintiffs after termination of their application.

WHERFORE, Plaintiffs demand damages against the Defendant based on the difference of the interest rate of 3.99% for a 30 year fixed mortgage versus the 5.5% interest rate subsequently offered by Defendant for the thirty (30) year period, together with interest and costs of this proceeding.

## COUNT II

### PLAINTIFFS V. ROCKET MORTGAGE, LLC

### NEGLIGENCE (IN THE ALTERNATIVE)

53. Plaintiffs incorporate paragraphs one through fifty-two of their Complaint as if the same were set forth fully at length herein.

54. Defendant's actions in denying/terminating the mortgage application as aforesaid are the result of negligent conduct on the part of the Defendant's agents and underwriters who failed to administer the application process in an appropriate manner and terminated the agreement between the parties after the Defendant and Plaintiffs, John J. Speicher and Jeremy G. Speicher, had agreed on settlement terms as set forth in Exhibit "A".

55. The negligence of the Defendant and its agents and underwriters include, but is not limited to the following:

  A. Denying the mortgage application on the basis that Plaintiff, John J. Speicher, was employed by two (2) different law firms in the 2022 calendar year when, in fact, he was solely an employee at Barley Snyder, LLP during the year 2022;

  B. By not attempting, in a timely basis, to contact Plaintiffs and, particularly, John J. Speicher, to comprehend that he was not working for two (2) law firms during the 2022 calendar year;

  C. In making no attempt to contact Plaintiff, John J. Speicher, during the month of April 2022, to better understand his employment status, even though Defendant was terminating Plaintiffs' mortgage application because Defendant wrongfully asserted Plaintiff, John J. Speicher, was employed by two (2) law firms during the 2022 calendar year;

  D. Failing to notify Plaintiffs in and around April 15, 2022, that their mortgage was soon set to terminate even though Sam Ward had assured Jeremy G. Speicher that the rate of 3.99% for a fixed 30 year mortgage would be extended until May 2, 2022; and

  E. Failing to properly issue the mortgage for the Plaintiffs in accordance with accepted standards in the mortgage industry existing as of 2022 after Defendant had agreed to mortgage terms with Plaintiffs in accordance with Exhibit "A".

56. As a direct and proximate result of the aforesaid negligence, carelessness, recklessness, and/or other liability producing conduct of Defendant, Plaintiffs sustained damage, including but not limited to, the difference between the 3.99% interest rate on a 30-year, $647,200.00 loan, and the 5.5% interest rate Defendant offered to Plaintiffs following their negligent termination of Plaintiffs' application.

57. At all relevant times hereto, Defendant was in control of its actions and responsible and liable for the damages it has caused to Plaintiffs.

WHERFORE, Plaintiffs demand damages against the Defendant based on the difference of the interest rate of 3.99% for a 30 year fixed mortgage versus the 5.5% interest rate subsequently offered by Defendant for the thirty (30) year period, together with interest and costs of this proceeding.

## COUNT III

### PLAINTIFFS V. ROCKET MORTGAGE, LLC

#### FRAUD

58. Plaintiffs incorporate paragraphs one through fifty-seven of their Complaint as if the same were set forth fully at length herein.

59. Defendant created a scheme to terminate the mortgage application as herein set forth by fraudulently claiming that Plaintiffs' application did not meet Defendant's qualifications because Plaintiff, John J. Speicher, "worked for two (2) different law firms" during the 2022 calendar year, all of this being done after Defendant had agreed in writing to the mortgage terms set forth in Exhibit "A".

60. Defendant's true motivation was to avoid trying to sell a thirty (30) year mortgage at 3.99% for Six Hundred Forty-Seven Thousand Two Hundred Dollars ($647,200.00) when the rates had dramatically increased to 5.5% in March and April of 2022.

61. The representation that Plaintiffs did not meet the qualifications was knowingly false when made, which is further evidenced by their statement that Plaintiffs would get approved at 5.5% if they applied again.

62. The representation was material to the transaction as Plaintiffs should have been approved at the original, locked in, rate of 3.99%, but would instead now incur interest at a rate of 5.5% and dramatically increase the amount paid to Defendant.

63. The representation was clearly made with the intent of misleading Plaintiffs to believe that they were not qualified for the loan, thereby not requiring Defendant to give the loan at the low interest rate, and having Plaintiffs re-apply at a higher interest rate, benefiting Defendant to the detriment of Plaintiffs.

64. Further, Defendant misrepresented to Plaintiffs that they would receive a loan at a 3.99% interest rate, when, in fact, Defendants terminated the application with no prior notification to Plaintiffs.

65. Plaintiffs justifiably relied on this representation, as they believed they would be receiving the loan at an interest rate of 3.99%.

66. The representation was material to the transaction as had Plaintiffs known their interest rate would not be 3.99%, they would not have contracted with Defendant for the loan.

67. Now, Plaintiffs are required to obtain a loan at a higher interest rate therefore incurring more debt.

68. The actions of the Defendant entitle Plaintiffs to punitive damages, together with compensable damages for the differential in interest rates between 3.99% and the subsequently offered 5.5% interest rate based on a principal amount of Six Hundred Forty-Seven Thousand Two Hundred Dollars ($647,200.00).

WHERFORE, Plaintiffs demand damages against the Defendant based on the difference of the interest rate of 3.99% for a 30 year fixed mortgage versus the 5.5% interest rate subsequently

offered by Defendant for the thirty (30) year period, together with punitive damages, reasonable counsel fees, interest and costs of this proceeding.

## COUNT IV

### PATRICIA C. GILES V. ROCKET MORTGAGE, LLC

### BREACH OF CONTRACT

69. Plaintiffs incorporate paragraphs one through sixty-eight of their Complaint as if the same were set forth fully at length herein.

70. The construction loan, which converted to the adjustable thirty (30) year mortgage on the property required Plaintiff, Patricia C. Giles, to guarantee and be responsible for monthly payments on the loan for its full term.

71. Plaintiff, Patricia C. Giles, was not required by Defendant to be a mortgagor for the refinancing with Defendant.

72. Plaintiff, Patricia C. Giles, was, however, a third-party beneficiary of the mortgage agreement entered into by John J. Speicher and Jeremy G. Speicher, with Defendant, as she would have been relieved of any further financial obligations to pay the original adjustable mortgage with New Dominion Bank.

73. The actions of the Defendant as hereinabove set forth have caused Plaintiff, Patricia C. Giles, to continue to be financially responsible for the mortgage and all payments therein, all to her financial loss and detriment.

WHEREFORE, Plaintiff, Patricia C. Giles, demands damages against the Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest and costs.

9651684.1

## COUNT V

### Plaintiffs v. Rocket Mortgage, LLC

#### Breach of Contract – Specific Performance

74. Plaintiffs incorporate paragraphs one through seventy-three of their Complaint as if the same were set forth fully at length herein.

75. Plaintiffs are entitled to have an Order in this case requiring Defendant to complete settlement as per the terms set forth in the federally mandated disclosure forms attached hereto as Exhibit "A", which constitutes a valid contract between John J. Speicher and Jeremy G. Speicher and the Defendant.

WHEREFORE, Plaintiffs pray that this Honorable Court enter an Order compelling Defendant to complete settlement in accordance with the disclosure forms set forth in Exhibit "A" and impose costs against the Defendant in this matter.

## COUNT VI

### Plaintiffs v. Rocket Mortgage, LLC

#### Violations of Truth and Lending Act, 15 U.S.C. §1601, *et seq*.

76. Plaintiffs incorporate paragraphs one through seventy-five of their Complaint as if the same were set forth fully at length herein.

77. The Truth and Lending Act has as one of its primary purposes the protection of consumers through full disclosures and to guard against divergent and fraudulent practices from a lender.

78. The Defendant has violated the Truth and Lending Act through its conduct herein and by indicating that it had received all necessary information from Plaintiffs to complete settlement, only to have the mortgage application terminated on or about April 20, 2022, despite

14
9651684.1

there being no substantial change in the financial conditions of any of the Plaintiffs to justify such termination after Defendant had issued the Federally required disclosure form which was accepted by Plaintiffs and bound the parties to the terms set forth therein.

WHEREFORE, Plaintiffs demand judgment against Defendant for violations of the Truth and Lending Act as herein set forth and to award damages for the difference between the 3.99% interest rate for a 30 year mortgage of $647,200.00 and the 5.5% rate subsequently offered by the Defendant, reasonable legal fees and costs for this litigation and other damages in accordance with the Act.

## COUNT VII

### PLAINTIFFS V. ROCKET MORTGAGE, LLC

### VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE PRACTICES ACT 73.P.S. §201-1 *et seq.*

79. Plaintiffs incorporate paragraphs one through seventy-eight of their Complaint as if the same were set forth fully at length herein.

80. Defendant's conduct, as hereinabove set forth, violates the Pennsylvania Unfair Trade Practices Act by engaging in fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding.

81. As set forth more fully herein, Defendant has engaged in unfair methods of competition as defined in the UTPCPL at 73 P.S. § 201-2 (4)(x) and (xxi) which are unlawful.

82. Plaintiffs are entitled under the Act to actual damages, treble damages and reasonable counsel fees as a result of Defendant's conduct as herein set forth.

WHEREFORE, Plaintiffs demand damages in excess of Seventy-Five Thousand Dollars ($75,000.00), together with treble damages, reasonable counsel fees and interest and costs of this proceeding.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

    Respectfully submitted,

    **BARLEY SNYDER LLP**

BY: _____
Thad M. Gelsinger, Esquire
Attorney I.D. #208233
Katelyn E. Rohrbaugh, Esquire
Attorney I.D. #329304
2755 Century Boulevard
Wyomissing, PA 19610
(610) 372-3500

*Attorneys for Plaintiffs*