UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. SPEICHER, *et al.*, | : | CIVIL ACTION |
|                Plaintiffs, | : | |
| | : | |
| v. | : | No. 5:22-cv-4284 |
| | : | |
| ROCKET MORTGAGE, LLC, | : | |
|                Defendant. | : | |

**O P I N I O N**
Defendant's Motion to Dismiss, ECF No. 14 – Granted

**Joseph F. Leeson, Jr.**                                                                                                        June 7, 2023
**United States District Judge**

**I.      INTRODUCTION**

The Plaintiffs in this case wanted to refinance their mortgage, so they completed a loan application through Rocket Mortgage, LLC. They believed everything was going well with their application, and they were ready to close on the loan after receiving the closing disclosure. However, Rocket Mortgage terminated their application before the closing. Rocket Mortgage offered to restart the application process but informed Plaintiffs that the new interest rate on their loan would be higher than the one they hoped to receive the first time around. Plaintiffs chose not to restart the application process. Instead, they brought this lawsuit against Rocket Mortgage.

Rocket Mortgage filed a motion to dismiss Plaintiffs' original complaint, which this Court granted, in part. Plaintiffs then filed an amended complaint. *See* ECF No. 13, Amend Compl. The Plaintiffs claim that Rocket Mortgage, by terminating their loan application, committed fraud, and violated two different consumer protection statutes (the Truth in Lending Act ("TILA") and the Pennsylvania Unfair Trade Practices Act ("UTPCPL")). They also claim, in the alternative, that Rocket Mortgage negligently processed their loan application. In response, Rocket Mortgage filed a motion to dismiss Plaintiffs' TILA and Negligence claims. *See* ECF No. 14, Mot.

The Court grants Rocket Mortgage's Motion. It dismisses Plaintiffs' TILA claim because, according to the facts alleged, the loan was never consummated, which means TILA was never triggered. The Court dismisses the Negligence claim because Rocket Mortgage, as a matter of law, did not owe a duty to Plaintiffs in processing their loan application.

## II. BACKGROUND

John Speicher and Patricia Giles, husband and wife, own a one-half share of the property located at 1111 Vision Path, Concord, North Carolina. Jeremy Speicher and Courtney Speicher, also husband and wife, own the other one-half share. The property has a residence, in which Jeremy and Courtney live, and a cottage, which is used as a part-time residence by John and Patricia.

The premises on the property were constructed using a construction loan, which was later converted into an adjustable mortgage. Though John and Patricia are the designated mortgagors, Jeremy and Courtney pay the mortgage on a monthly basis.

In 2022, John and Jeremy contacted Rocket Mortgage for the purpose of refinancing the property's mortgage. They paid $500 to Rocket Mortgage as a deposit for processing their application, and Rocket Mortgage represented that they would receive an interest rate of 3.99% for a thirty-year loan. Amend. Compl. ¶¶ 14–15.

Plaintiffs supplied Rocket Mortgage with all the information required for the application in a timely manner. As part of the application, John also provided information on his income, which included an explanation that his prior employer, a law firm, merged with another law firm in 2022. Jeremy and John were to be the named mortgagors.

On March 23, 2022, Rocket Mortgage sent "federally mandated disclosure forms" to the Plaintiffs. *Id*. ¶ 21. The closing disclosure's cover letter stated, "[t]his disclosure contains important information about the mortgage loan, including the final terms and closing costs." ECF No. 14-1, Ex. A. It goes on: "If the enclosed numbers change before your scheduled closing date and time, you'll

receive a new disclosure with updated final terms and costs, or before, the closing of your loan." *Id*. The cover letter also contained a signature line, stating, "By signing, you're confirming you've received this document three (3) business days prior to closing." *Id*. Plaintiffs signed the cover letter. The closing disclosure itself set the closing date for March 30, 2022 and outlined the final loan terms and closing costs. It also disclosed that, "[y]ou do not have to accept this loan because you have received this form or signed a loan application."

After receiving the closing disclosure, Plaintiffs did not hear from Rocket Mortgage for approximately three weeks. Then, on April 15, 2022, Rocket Mortgage telephoned Jeremy and explained "that the 3.99% mortgage rate was being terminated due to lack of activity on the file for a three-week period of time." Amend. Compl. ¶ 30. Jeremy responded that the inactivity was on Rocket Mortgage's end and that Plaintiffs "were ready to have settlement on the mortgage application." *Id*. ¶ 31. During that call, Rocket Mortgage also raised "purported concerns/confusion" that John had worked for two different law firms in 2022 "and that this was causing a concern for the underwriters." *Id*. ¶ 32. Jeremy explained that the first law firm had merged with the second; he also indicated that Rocket Mortgage "might want to speak to" John directly about the matter. *Id*. ¶ 33. The call concluded with Rocket Mortgage agreeing to extend the mortgage rate commitment of 3.99% until May 2, 2022.

John emailed Rocket Mortgage on April 19, 2022, again explaining the situation with the two law firms. Rocket Mortgage replied to that email, thanking John for the explanation and stating that John's email had been forwarded to underwriting for review. Rocket Mortgage notified Plaintiffs on April 20, 2022 that it had terminated their application. *Id*. ¶ 41.

Jeremy contacted Rocket Mortgage after learning that the application had been terminated. Rocket Mortgage offered to restart the application process but advised Jeremy that the interest rate would now be 5.5%.

Plaintiffs filed suit against Rocket Mortgage, bringing seven claims: (1) Breach of Contract; (2) Negligence; (3) Fraud; (4) Breach of Contract brought by Patricia as a third-party beneficiary; (5) Breach of Contract, Specific Performance; (6) Violations of the Truth in Lending Act; and (7) Violations of the Pennsylvania Unfair Trade Practices Act. Rocket Mortgage filed a motion to dismiss Plaintiffs' Complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6).

The Court granted Rocket Mortgage's motion to dismiss, in part. It dismissed Plaintiffs' breach of contract claims with prejudice because Plaintiffs did not plead that a contract existed. It dismissed Plaintiffs' Negligence claim without prejudice because a lender does not owe a duty of care to a potential borrower unless the lender is on notice of a particular vulnerability on the part of a loan applicant and Plaintiffs had not alleged any such facts. It also dismissed Plaintiff's TILA claim without prejudice because they did not specify which section of TILA Rocket Mortgage allegedly violated.

The remainder of Plaintiffs' claims survived, and the Court gave Plaintiffs leave to file an amended complaint if they wished. Plaintiffs filed an amended complaint, bringing four claims, two of which had been dismissed without prejudice previously: (1) Fraud; (2) Violation of TILA; (3) Violations of UTPCPL; and (4) Negligence. Rocket Mortgage filed a motion to dismiss Plaintiffs' TILA and Negligence claims. Plaintiffs filed an opposition.

### III.     LEGAL STANDARDS — Review of Applicable Law

Under Rule 12(b)(6), a defendant may make a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. County of Allegheny*, 515 F. 3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (cleaned up). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated

a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (*citing Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F. 2d 1406, 1409 (3d Cir. 1991)). Additionally, when ruling on a motion to dismiss, the Court may "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputed authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F. 3d 223, 230 (3d Cir. 2010).

### IV.    ANALYSIS

Rocket Mortgage argues in its Motion that Plaintiffs' TILA and Negligence claims should be dismissed. The Court takes both in turn.

#### a.   TILA Claim

TILA is meant to protect consumers by, in part, requiring those who extend credit to consumers to make certain disclosures. The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601. "Disclosures shall reflect the terms of the legal obligation between the parties." 12 C.F.R. § 226.5(c).

Plaintiffs claim that Rocket Mortgage violated TILA by listing a 3.99% interest rate in the closing disclosure. According to Plaintiffs, it was dishonest and inaccurate to promise the 3.99% interest rate because Rocket Mortgage always intended to reject their application and offer a higher rate. The parties agree that Rocket Mortgage would be required to make accurate disclosures at the time a loan is consummated.[1] They disagree whether the loan in this case was consummated.

"Consummation means the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13). Plaintiffs argue that consummation occurred in this case because they believed that they were "clear to close." They point out that they also believed that backing out of the loan would cause them to lose their $500 deposit. Plaintiffs' argument is unpersuasive.

This reasoning essentially mirrors Plaintiffs' prior argument that a contract existed between the parties. The Court rejected that argument because the facts alleged by Plaintiffs amounted to, at most, negotiations to enter into a contract. Since the Court has already determined that, as a matter of law, the parties did not enter into a contract, it follows that Plaintiffs never became contractually obligated on a credit transaction. Accordingly, consummation never occurred.

Plaintiffs attempt to save their repackaged argument by citing two cases: *Cody v. Community Loan Corp. of Richmond City*, 606 F.2d 499 (5th Cir. 1979) and *Clark v. Troy and Nichols, Inc.*, 864 F.2d 1261 (5th Cir. 1989). According to Plaintiffs, these two cases imply that courts consider consumers' subjective belief when determining whether a loan was consummated. The Court notes that both cases are from the Fifth Circuit, so neither are binding. Moreover, the Court is not as convinced that the two cases stand for Plaintiffs' proposition. For starters, Plaintiffs cite to the dissent

---

[1] *See* ECF No. 15, Resp. at 6. (The statute, instead, requires all accurate disclosures at the time of consummation . . .").

in *Clark*, which is the more recent of the two cases. The majority opinion of *Clark* is actually contrary to Plaintiffs' argument.

In *Clark*, the plaintiff paid a deposit to "lock-in" an interest rate for a residential mortgage and both parties signed an "agreement" that the promised interest rate would be locked in for thirty days. *See id*. at 1263. The defendant lender in *Clark* denied the plaintiff's loan application one day before the thirty days expired, and the plaintiff brought suit under TILA. *See id*. The *Clark* court determined that the signed "agreement" and deposit did not consummate a credit transaction, because the plaintiff never became obligated on the loan. *See id*. at 1264.

The facts of this case are nearly identical to *Clark*. Accepting Plaintiffs' allegations as true, Rocket Mortgage lured Plaintiffs in with a promised interest rate of 3.99% with the intention of rejecting their application and then offering a higher interest rate: a classic bait and switch. The Court does not condone such behavior, but such a practice is not a violation of TILA. *See Rossman v. Fleet Bank (R.I.) Nat. Ass'n*, 280 F.3d 384, 396 (3d Cir. 2002) ("It is the bait, not the switch, that is deceptive. Hence, the deception occurs at the time of the bait advertisement."). Rocket Mortgage's alleged attempt to switch out interest rates for one more favorable to itself occurred before the loan was consummated. The law provides Plaintiffs with recourse for that deceptive practice, e.g., Plaintiffs' Fraud claim. TILA, however, does not provide a cause of action so long as Rocket Mortgage's disclosures are accurate at the time of consummation; since the loan was never consummated, Plaintiffs are foreclosed from bringing a TILA claim. *See id*. at 397 ("The plaintiff there was first attracted by a deceptive offer. Having obtained his audience, the lender attempted to switch the offer to a set of terms more favorable to itself and less favorable to the borrower. All of this occurred before the consummation of an agreement.").

Accordingly, the Court dismisses Plaintiffs' TILA claim with prejudice. The Court dismisses this claim with prejudice because any additional attempts to replead would be futile. *See Boyd v. New*

*Jersey Dept. of Corr.*, 583 Fed. Appx. 30, 32 (3d Cir. 2014). This is Plaintiffs' second attempt to bring a claim under TILA, and the alleged facts, and exhibits attached to the Amended Complaint make it clear that a contract was never formed between the parties and a credit transaction was therefore never consummated. A third attempt to replead cannot change that.

      b. *Negligence Claim*

In the original complaint, Plaintiffs alleged that Rocket Mortgage negligently processed their loan application. The Court dismissed that claim without prejudice. Plaintiffs bring the same claim again in their Amended Complaint.

"A plaintiff must prove four elements to establish negligence by a defendant: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages." *Toro v. Fitness Int'l LLC.*, 150 A. 3d 968, 976–77 (2016). Plaintiffs in this case argue that Rocket Mortgage acted negligently by failing to understand the information that Plaintiffs submitted with their application. They also argue that Rocket Mortgage was negligent for not reaching out to Plaintiffs to gather additional information if it was needed for processing their application. Plaintiffs assert further that it was negligent for Rocket Mortgage to terminate their application instead of moving forward with the closing.

As the Court pointed out in its prior opinion, a lender generally does not owe a duty of care to a borrower when processing a loan application. An exception may be found if a lender is on notice of a particular vulnerability on the part of a loan applicant. In this case, Plaintiffs have not plead facts sufficient to show that a relationship beyond the typical lender-borrower relationship existed. Plaintiffs argue that their Negligence claim should nevertheless survive because Rocket Mortgage took affirmative steps to issue a loan to Plaintiffs. For example, Rocket Mortgage circulated the closing disclosure.

Rocket Mortgage argues that if a lender assumed a duty to a loan applicant by taking "affirmative steps" to process and issue a loan application, then the exception would swallow the rule. The Court agrees with Rocket Mortgage. Lenders take a number of steps during a loan application to move things along. Actions taken by lenders to push an application forward does not create a special relationship with the lender, even if the application makes it to the final stages of the process. Although Plaintiffs were nearly to the finish line with their loan application, Rocket Mortgage did not owe a duty to Plaintiffs, because the parties had a typical lender-borrower relationship. Plaintiffs have not alleged that Rocket Mortgage was on notice of any particular vulnerability that Plaintiffs had that could set them apart from a typical applicant. Indeed, Plaintiffs have not alleged that they were in any special kind of position as an applicant other than simply trying to secure a better interest rate on their mortgage.

Plaintiffs argue that the parties had a "special relationship" because the parties had "a contractual relationship." However, as the Court has explained multiple times, even accepting Plaintiffs allegations as true, there was no contract between the parties and the loan was never consummated.

The Court therefore dismisses Plaintiffs' Negligence claim with prejudice. The Court dismisses this claim with prejudice because this is Plaintiffs' second attempt to plead this claim. Any additional attempts would be futile. *See Boyd*, 583 Fed. Appx. 30, 32 (3d Cir. 2014).

V. **CONCLUSION**

The Court grants Rocket Mortgage's motion to dismiss Plaintiffs' TILA and Negligence claims. It dismisses the TILA claim because Plaintiffs failed to plead sufficient facts that the loan was consummated. Since the loan was never consummated, Plaintiffs are foreclosed from bringing a TILA claim as a matter of law. The Court dismisses the Negligence claim because Plaintiffs have failed to

plead sufficient facts that Rocket Mortgage owed Plaintiffs a duty of care in processing their loan application.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge